**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NICOLE MADDEN<br>809 Cherry Street<br>Landsdale, PA 19446 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No.: |
| v. | : <br> : <br> : | **JURY TRIAL DEMANDED** |
| PREVENTION POINT<br>PHILADELPHIA, INC.<br>d/b/a Prevention Point<br>2913-15 Kensington Avenue<br>Philadelphia, PA 19134 | : <br> : <br> : <br> : <br> : | |
| Defendant. | : <br> : | |

**CIVIL ACTION COMPLAINT**

Nicole Madden (hereinafter referred to as "Plaintiff," unless indicated otherwise), by and

through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.      This action has been initiated by Plaintiff against, Prevention Point Philadelphia,

Inc., d/b/a Prevention Point (hereinafter referred to as "Defendant," unless indicated otherwise)

for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, *et.*

*seq*.) and the Philadelphia Fair Practices Ordinance ("PFPO").[1]

---

[1] Plaintiff's claims under the PFPO are referenced herein for notice purposes. Plaintiff intends to amend her complaint to include claims pending before the Philadelphia Commission on Human Relations ("PCHR") once such claims are fully and administratively exhausted. Plaintiff is however filing her lawsuit in advance of same because she received a Notice of Right to Sue from the EEOC with respect to her ADA claims. Plaintiff's PFPO claims will identically mirror her ADA claims asserted herein.

**JURISDICTION AND VENUE**

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.      There lies supplemental jurisdiction over Plaintiff's future local-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

4.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

5.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

6.      Plaintiff is proceeding herein under the ADA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

**PARTIES**

7.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8.     Plaintiff is an adult individual with an address as set forth in the caption.

9.     Defendant is a nonprofit public-health organization in Philadelphia that provides harm-reduction, medical, and social services for individuals affected by substance use, homelessness, and poverty.

10.     At all relevant times herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

**FACTUAL BACKGROUND**

11.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.     Plaintiff was hired on or about March 10, 2025, as a Homeless Outreach Team Member.

13.     In total, Plaintiff was employed by Defendant for approximately two (2) months, before she was unlawfully terminated on or about May 21, 2025 (for reasons discussed *infra*).

14.     Plaintiff was primarily supervised by Outreach Coordinator, Raquel Robinson (hereinafter "Robinson").

15.     Upon information and belief, Robinson was primarily supervised by Dale Tippett (hereinafter "Tippett"), the Director of Homeless Services.

16.     Plaintiff primarily communicated with Lead Human Resources ("HR") Officer, Ralph Bradley ("Bradley"), pertaining to any concerns and/or complaints during her employment (discussed *infra*).

17.     Plaintiff has and continues to suffer from ADA-qualifying disabilities, including but not limited to Anxiety, Depression, and Post-Traumatic-Stress-Disorder ("PTSD").

18.     As a result of these serious health conditions, Plaintiff (at times) experiences symptoms and limitations including hopelessness, anxiety, sleeplessness, panic, difficulty learning, thinking, communicating, interacting with others, speaking, focusing, concentrating, and caring for herself, as well as irritable bowels and physical pain.

19.     Despite her aforementioned health conditions and limitations, Plaintiff remained fully capable of performing the essential functions of her job.

20.     Defendant's management was aware of Plaintiff's disabilities.

21.     On or about April 26, 2025, Plaintiff was the victim of a domestic violence assault, during which she was physically assaulted and threatened with a firearm.

22.     On or about the morning of May 2, 2025, Plaintiff disclosed the aforesaid domestic violence assault to Defendant's management because she believed she could be transparent while working for a nonprofit organization that provides services to individuals experiencing crisis and hardship.

23.     After learning of the domestic violence assault, Defendant's management (including Robinson and Bradley) began expressing repeated concerns about Plaintiff's mental health and mental fitness to work.

4

24. Later the same day, on or about May 2, 2025, Robinson and Bradley made numerous statements to Plaintiff expressing concerns that Plaintiff was "too mentally distressed" or "mentally unfit" to continue working.

25. Plaintiff estimates that during her May 2, 2025 dialogue with Defendant's management, they made no fewer than approximately seven (7) to eight (8) comments suggesting that Plaintiff could not continue working because of her mental health.

26. Thereafter, the same day, Plaintiff received a written letter from Bradley, dated May 2, 2025, memorializing Defendant's negative perception of Plaintiff's mental health disabilities and its decision regarding Plaintiff's employment status because of the same.

27. Specifically, Plaintiff received written communication, stating that following a meeting earlier that morning about managements' "concern" for Plaintiff's "well-being," Plaintiff was being "relieved of [her] work responsibilities effective immediately"

28. The letter further stated that Defendant required Plaintiff to obtain an evaluation by a mental health physician to assess her ability to return to work due to Defendant's concerns regarding her "personal mental health."

29. Defendant directed Plaintiff to obtain this evaluation **by** May 16, 2025, and instructed Plaintiff to contact medical providers through her health insurance until she was able to secure an appointment within that time frame.

30. Defendant further required Plaintiff to present Short Term Disability ("STD") paperwork to the physician conducting the evaluation so that the physician could determine whether Plaintiff should be placed on disability leave.

31.    Additionally, Plaintiff was informed that she would not be permitted to return to work unless Defendant received written documentation from Plaintiff's treating physician stating that Plaintiff was "fit for duty" and able to return to work full duty.

32.    During the same meeting referenced in the letter, Defendant confiscated Plaintiff's work keys and work cell phone, purportedly so Plaintiff could focus on her "personal care and well-being."

33.    Defendant further directed Plaintiff not to contact her supervisor or departmental director during the period in which she was removed from work.

34.    Defendant imposed these aforesaid requirements even though Plaintiff had not requested *medical leave*, had not *requested disability leave*, and had not *indicated that she was unable* to perform the essential functions of her job.

35.    However, as of May 2, 2025, both Bradley and Robinson made it clear that they formed the opinion that Plaintiff was mentally unfit to work (verbally and in the letter of same date).

36.    Defendant's aforesaid actions were based upon its perception that Plaintiff was too mentally distressed or mentally unfit to work, rather than any objective evidence that she could not perform her job duties.

37.    Furthermore, despite only being given 10 business days to obtain medical documentation from a physician, when any reasonable person knows that medical appointments can take weeks or even months to schedule, Plaintiff spent a great amount of time trying to secure a medical appointment and was able to get an expedited appointment with a psychologist within Defendant's demanded timeframe.

6

38.     On or about May 9, 2025, Plaintiff provided Defendant with documentation from a psychologist confirming that she had been fully evaluated and medically cleared to return to work without restrictions.

39.     In a letter dated May 9, 2025 (hereinafter "May 9th letter"), Bradley acknowledged receipt of the medical documentation confirming that Plaintiff had been cleared to return to work.

40.     As a result of Defendant's earlier decision to remove Plaintiff from work effective May 2, 2025, Plaintiff had already been placed out of work for approximately one week despite being capable of performing her job duties.

41.     Plaintiff reasonably expected that she would be permitted to immediately resume work duties upon providing the aforementioned required medical clearance.

42.     Despite receiving full medical clearance, Defendant imposed additional conditions on Plaintiff's return to work.

43.     In the May 9th letter, Bradley informed Plaintiff that she would be required to attend psychotherapy appointments because such treatment had been referenced as a recommendation within the physician's documentation.

44.     Defendant further required Plaintiff to provide written monthly confirmation from her therapist demonstrating compliance with weekly therapy sessions.

45.     Defendant also delayed Plaintiff's return to work until on or about May 13, 2025, purportedly to ensure that Plaintiff attended a previously scheduled doctor's appointment on or about May 12, 2025.

46.     Bradley concluded the May 9th letter by stating that he wished Plaintiff the best regarding her "*personal wellness*."

47. Defendant imposed these additional requirements and delayed Plaintiff's return to work despite having received written medical clearance confirming that Plaintiff was fit for duty.

48. Plaintiff was ultimately permitted to return to work on or about May 13, 2025.

49. Plaintiff then worked for approximately six (6) business days following her return.

50. Plaintiff's last day of work was on or about May 20, 2025.

51. During a verbal conversation informing Plaintiff of her termination, Plaintiff was told words to the effect of "we have to cut ties with you because ***we don't think you are fit to work*** here."

52. During that same conversation, Plaintiff was also told that she should continue treating with mental health professionals.

53. Plaintiff was therefore informed that her termination was based upon Defendant's perceptions regarding her mental health and ability to work.

54. Upon information and belief, Plaintiff was replaced within the week following her termination (illustrating an intent to end her employment pretextually).

55. Plaintiff believes and therefore avers that Defendant subjected her to a hostile work environment, removed her from work, imposed unnecessary medical requirements, delayed her return to work, and ultimately terminated her employment based upon perceived mental disabilities, in violation of the ADA.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADAAA")**
**(Actual/Perceived/Record of Disability Discrimination)**

56. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57.    Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities.

58.    Plaintiff was subjected to hostile work environment through demeaning and/or derogatory treatment and comments in violation of the ADA.

59.    Plaintiff believes and therefore avers that her (1) actual/perceived disabilities and/or (2) record of impairment was a motivating or determinative factor in Defendant's decisions to:

    a.  remove Plaintiff from work;

    b.  impose unnecessary medical clearance requirements as a condition of her returning to work;

    c.  delaying her return to work despite receiving medical clearance;

    d.  impose unnecessary medical requirements on her as a condition to her ongoing employment with Defendant; and

    e.  ultimately terminating her employment.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.    Plaintiff is to be awarded punitive as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful,

deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

     D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation under the PHRA);

     E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

     F.     Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: April 17, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Nicole Madden | : | CIVIL ACTION |
| v. | : | |
| Prevention Point Philadelphia, Inc. d/b/a Prevention Point | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x )

| | | |
|---|---|---|
| 4/17/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  Defendants place of business

---

**RELATED CASE IF ANY:**  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.**  *Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.**  *Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
       _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MADDEN, NICOLE

**DEFENDANTS**

PREVENTION POINT PHILADELPHIA, INC. D/B/A PREVENTION POINT

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA and PFPO.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE   4/17/2026    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____